IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYRONE MORGAN,

      Plaintiff,                  No. 2:08-cv-1244 MCE JFM (PC)

  vs.

D. K. SISTO, Warden,

      Defendant.              FINDINGS & RECOMMENDATIONS

                            /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment have been violated by the installation of timers on toilets in cells at his prison institution which shut the toilet flushing mechanism off for an hour if a toilet is flushed more than twice in a five minute period. This matter is before the court on defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

        Rule 12(b)(6) of the Federal Rules of Civil Procedures provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. Scheuer

1

1  v. Rhodes, 416 U.S. 232, 236 (1974). In order to survive dismissal for failure to state a claim a
2  complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it
3  must contain factual allegations sufficient "to raise a right to relief above the speculative level."
4  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, "[s]pecific facts are not
5  necessary; the statement [of facts] need only '"give the defendant fair notice of what the . . .
6  claim is and the grounds upon which it rests."'"   Erickson, 551 U.S. 89, 27 S.Ct. at 2200
7  (quoting Bell, 550 U.S. at 555, in turn quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

8         Plaintiff's complaint contains the following allegations.  "Due to prison
9  overcrowding," defendant Sisto has installed timers on the toilets of all two-man cells at
10 California State Prison-Solano.  The timers shut off the flushing mechanism on a toilet for one
11 hour if an inmate flushes the toilet more than two times in a five minute period.  Plaintiff alleges
12 that he has no way of knowing how long five minutes is, that the shutoff violates contemporary
13 standards of decency and risks the spread of disease, and that the timers are only in two-man cells
14 and not in the prison's dorms.  As noted above, plaintiff claims that installation and operation of
15 the times violates his rights under the Eighth Amendment and the Equal Protection Clause of the
16 Fourteenth Amendment.  Plaintiff seeks injunctive relief.

17         Defendant moves to dismiss on the grounds that the complaint fails to state a
18 cognizable claim for relief under either the Eighth Amendment or the Equal Protection Clause of
19 the Fourteenth Amendment.  Plaintiff opposes the motion.

> The Eighth Amendment's prohibition against cruel and unusual punishment imposes duties on prison officials to "provide humane conditions of confinement." Farmer v. Brennan, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." Id.
> Establishing a violation of the Eighth Amendment requires a two-part showing. First, an inmate must objectively show that he was deprived of something "sufficiently serious." Farmer, 511 U.S. at 834, 114 S.Ct. 1970. A deprivation is sufficiently serious when the prison official's act or omission results "in the denial of 'the minimal civilized measure of life's necessities.' " Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69

> L.Ed.2d 59 (1981)). The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety. Id. (citing Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)).

Foster v. Runnels, 554 F.3d 807, 812 (9th Cir. 2009). It is settled that "subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995). Imposition of sanitary limitations that are no more than temporary, however, do not run afoul of the Eighth Amendment. Id. at 1315.

In the instant case, the allegations of plaintiff's complaint show that the toilets are only shut off if they are flushed more than twice in a five minute period, and then only for a one hour period. Any sanitary limitation caused by operation of such a timer is at most temporary. Plaintiff's allegations do not demonstrate a deprivation that is sufficiently serious to violate the Eighth Amendment. For that reason, this court finds that plaintiff has failed to state a cognizable claim for relief under the Eighth Amendment.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216 (1982). To state an equal protection claim, an inmate must allege that he received different treatment from other, "similarly situated" persons. See City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439-40 (1985). He also must allege that the disparate treatment was intentional. Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Unless a policy that treats persons differently jeopardizes a fundamental right or is based on a suspect classification -- such as race, alienage or gender -- the policy satisfies the equal protection clause if it is rationally related to a legitimate state interest. Cleburne, 473 U.S. at 440-41; Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 846 (9th Cir. 1985).

Plaintiff has appended to his complaint a copy of the Director's Level Decision denying his administrative grievance challenging installation of the timers.[1]  The decision provides that the timers were installed "as part of a statewide project to conserve water," that the flush valves in the toilets "were tested and proven to meet the necessary allowance of water pressure as well as proving an adequate number of flushes" and that "there is no evidence that any health or safety issues have or will occur."  Director's Level Appeal Decision, dated April 22, 2008.  Moreover, the decision notes that plaintiff "should maintain an open communication with staff and report faulty equipment or medical concerns immediately."

The Director's Level Decision demonstrates that the installation of the toilet timers is a statewide project to conserve water in the state's prisons, and that the toilets have sufficient water pressure to flush adequately.  Water conservation is a legitimate state interest and the toilet timers are rationally related to that interest.  For these reasons, the court finds that plaintiff has failed to state a cognizable claim for violation of the Equal Protection Clause of the Fourteenth Amendment.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's September 4, 2008 motion to dismiss be granted; and

2. This action be dismissed for failure to state a claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

/////

---

[1] Documents appended to a complaint are a part thereof for all purposes. Fed. R. Civ. P. 10(c).

failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  July 27, 2009.

_/s/ John F. Moulds_
UNITED STATES MAGISTRATE JUDGE

12
morg1244.57